MATTER OF BRIDGES

In Section 212(e) Proceedings

A-14547429

*Decided by District Director November 26, 1965*

An exchange visitor is granted a waiver of the foreign residence requirement of section 212(e), Immigration and Nationality Act, as amended, since compliance therewith would result in exceptional hardship to her United States citizen husband, a graduate student, employed part time as a graduate assistant earning a salary of $2514 a year, who on his meager earnings would be unable to support her if she were required to depart, and who, if he were forced to terminate his studies to pursue a full-time job or to accompany her abroad would suffer a major disruption of his education and of his career.

**Discussion:** Applicant is a 26-year-old native and citizen of Burma who is subject to the requirements of section 212(e) of the Immigration and Nationality Act, as amended, due to her admission as an exchange visitor, as defined in section 101(a)(15)(J) of the Act, at Honolulu, Hawaii on September 8, 1962. She terminated her studies in December 1963 and departed the United States. She returned to the United States on November 6, 1964 as a visitor for pleasure and is presently employed as a combination clerk-secretary. On January 1, 1965 she married Kent Bridges, a citizen of the United States, at Honolulu, Hawaii.

Section 212(e) of the Immigration and Nationality Act, insofar as is here pertinent, provides as follows:

No person admitted under section 101(a)(15)(J) or acquiring such status after admission shall be eligible to apply for an immigrant visa, or for permanent residence, or for a nonimmigrant visa under section 101(a)(15)(H) until it is established that such person has resided and been physically present in the country of his nationality or his last residence, or in another foreign country for an aggregate of at least two years following departure from the United States. * * * *Provided further*, That upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident

alien), the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest * * *

In determining the merits of an application for a waiver of the foreign residence requirement, we must consider the Congressional intent of the statute. House of Representatives Report No. 721 dated July 17, 1961, prepared by Subcommittee No. 1 of the Committee on the Judiciary, on the "Immigration Aspects of the International Educational Exchange Program" is pertinent. On page 121 of this report, the Subcommittee reiterates and stresses the fundamental significance of a most diligent and stringent enforcement of the foreign residence requirement. The report states, "It is believed to be detrimental to the purposes of the program and to the national interests of the countries concerned to apply a lenient policy in the adjudication of waivers, including cases where marriage occurring in the United States, or the birth of a child or children, is used to support the contention that the exchange alien's departure from this country would cause personal hardship." This application represents a claim by the applicant that her departure would impose exceptional hardship upon her United States citizen spouse. Therefore, it must first be determined whether or not such hardship would occur as the consequence of his accompanying her abroad, which would be the normal course of action to avoid separation. The mere election by the spouse to remain in the United States, absent such determination, is not a governing factor since any inconvenience or hardship which might thereby occur would be self-imposed. Further, even though it is established that the requisite hardship would occur abroad, it must also be shown that the spouse would suffer as the result of having to remain in the United States. Temporary separation is a problem many families face in life and, in and of itself, does not represent exceptional hardship as contemplated by section 212(e), supra.

The applicant's United States citizen husband resides with her at 2221 Hoonanea Street, Honolulu, Hawaii. He is a graduate student at the University of Hawaii and is pursuing a program leading to a master of science degree in zoology. He is working part time as graduate assistant in general science, earning a salary of $2514 a year, based on half-time employment. If the applicant were required to leave the United States, her husband would be unable to support her from his meager earnings. If he were forced to terminate his studies and pursue a full-time job, he would suffer a major disruption of his education and of his career. Advice has been re-

ceived from the Department of State that it is quite unlikely that the Burmese Government would issue an exit permit to the applicant if she returned there for two years.

Satisfactory evidence of Mrs. Bridges' marriage on January 1, 1965 to a citizen of the United States has been submitted. There are no adverse factors in this case.

In view of the foregoing, it has been determined that compliance with the foreign residence requirement would impose exceptional hardship on her United States citizen spouse. The Department of State has reviewed the application and recommends that the waiver be granted. It is further found that the admission of the applicant to the United States would be in the public interest.

**ORDER:** It is ordered that the application of Mala Swe Bridges for a waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, be and the same is hereby granted.